Joshua Prince, Esquire
Prince Law Offices, P.C.
Attorney for Plaintiff
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803 (ext. 81114)
610-845-3903 (fax)
Joshua@PrinceLaw.com
I.D. # 306521

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY L. BURTNER<br>110 Volkswood Drive<br>Bulter, PA 16001<br>     Plaintiff<br>  v.<br><br>PENNSYLVANIA STATE POLICE<br>1800 Elmerton Avenue<br>Harrisburg, PA 17110<br>     Defendant | Civil Action No. _____<br><br>Complaint—18 U.S.C. § 925A |

## COMPLAINT

Plaintiff, Jeffrey Burther, by and through his attorney Joshua Prince of Prince Law Offices, P.C., hereby files this Complaint against the Pennsylvania State Police for erroneous denial of the purchase of a firearm, pursuant to 18 U.S.C. § 925A.

### JURISDICTION, VENUE AND PARTIES

1. This action is brought pursuant to 18 § 925A. Jurisdiction is based on 18 U.S.C. § 925a and 28 U.S.C. §§ 1331 and 1343(a).

2. Venue is proper in this Court pursuant to 28 U.S.C § 1391(a) because all of the events giving rise to this action took place within the territory of the Western District of Pennsylvania and Plaintiff resides in the Western District.

3. Plaintiff, Jeffrey Burtner ("Plaintiff" or "Mr. Burtner"), is an adult individual residing in Butler, Butler County, Pennsylvania.

4. Defendant, Pennsylvania State Police (the "PSP") is a law enforcement organization duly organized, existing, and operating under and pursuant to the applicable laws of the Commonwealth of Pennsylvania.

**STATEMENT OF FACTS**

5. On or before May 24, 2012, Mr. Burtner attempted to purchase a hunting rifle from the Sportsman Supply Company, a Federal Firearms Licensee ("FFL" or "Gun Dealer"), in his hometown of Butler, Pennsylvania.

6. As part of federal Gun Control Act requirements, pursuant to 18 U.S.C. §§ 922(s1) and (t1), the Gun Dealer performed a background check, where Mr. Burtner was denied.

7. The basis of the denial was not provided and Mr. Burtner was informed that to determine the basis of the denial, he would have to file a Pennsylvania Instant Check System ("PICS") Challenge.

8. Mr. Burtner immediately filed the PICS Challenge to the denial, as he previously purchased firearms without issue.

9. On May 25, 2012, the PSP responded that he was prohibited pursuant to 18 U.S.C. § 922(g)(4) and 18 PA.C.S. § 6105(c)(4) because anyone adjudicated as a mental

defective or involuntarily committed to a mental institution is prohibited from purchasing, owning, or possessing firearms. (A true and correct copy of the letter from the Pennsylvania State Police dated May 25, 2012 is attached hereto and incorporated herein as "Exhibit A").

10. Additionally, the second page of the PSP's letter reflects that the reason for denial was an alleged involuntary commitment on June 28, 1992 at Butler Memorial Hospital for which Butler MH/MR (which stands for Mental Health Mental Retardation) had records of the involuntary commitment. *See*, Exhibit A, pg 2.

11. Within the thirty (30) days provided for in the determination letter, Mr. Burtner submitted a response stating that he was not involuntarily committed.

12. On July 16, 2012, the PSP responded that his 1992 commitment was prohibiting, pursuant to 18 U.S.C. § 922(g)(4) and 18 PA.C.S. § 6105(c)(4). (A true and correct copy of the letter from the Pennsylvania State Police dated July 16, 2012 is attached hereto and incorporated herein as "Exhibit B").

13. The decision was mistakenly based upon 18 U.S.C. § 922(g)(4) and 18 PA.C.S. § 6105(c)(4), which state that individuals who have been adjudicated as a mental defective or who has been committed to a mental institution are barred from owning or possessing firearms.

14. Specifically, 18 U.S.C. § 922(g)(4) provides that, "It shall be unlawful for any person who has been adjudicated as a mental defective or who has been committed to a mental institution to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

15.     Specifically, 18 PA.C.S. § 6105(c)(4) provides that, "A person who has been adjudicated as an incompetent or who has been involuntarily committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act. This paragraph shall not apply to any proceeding under section 302 of the Mental Health Procedures Act unless the examining physician has issued a certification that inpatient care was necessary or that the person was committable."

16.     Mr. Burtner has never been involuntarily committed, including in June of 1992.

17.     On or about November 26, 2012, Mr. Burtner retained Prince Law Offices, P.C. and Attorney Joshua Prince to investigate the denial.

18.     Attorney Prince submitted medical records requests to Butler Memorial Hospital and Butler County Mental Health/Mental Retardation.

19.     Butler Memorial Hospital responded on December 6, 2012, that it only had records relating to Mr. Burtner from 2009 (chest x-ray) and 2010 (blood test). As these records are not relevant to the matter at issue and are confidential medical records they have not been attached but as explained below, the PSP was provided copies of these records.

20.     Butler Co. MH/MR responded on December 14, 2012, stating that no records exist in relation to Mr. Burtner and that the same was disclosed to the PSP on May 24, 2012. (A true and correct copy of the documents provided by Butler Co. MH/MR, including its response to the PSP, are attached hereto and incorporated herein as "Exhibit C").

21.     Butler Co. MH/MR stated, "There are no records for the dates you have requested from this patient's record." See, Exhibit C, pg 4.

22.     On December 17, 2012, Attorney Prince contacted PSP Attorneys Carlton Smith and Andrew Lovette via email, providing copies of the documents and requesting that PICS be updated to reflect that Mr. Burtner is not prohibited.

23.     PSP Attorney Smith responded that he would look into the situation and get back in touch with Attorney Prince.

24.     On February 2, 2013, PSP Attorney Smith responded via email to Attorney Prince informing him that the PSP has been unable to find any involuntary commitment documentation on Mr. Burtner but that Mr. Burtner would have to take legal action for the PSP to remove it from PICS.

## COUNT I - 18 U.S.C. § 925A – ERRONEOUOS DENIAL OF A FIREARM

25.     The foregoing paragraphs are incorporated herein as if set forth in full.

26.     18 U.S.C. § 925A provides, "Any person denied a firearm pursuant to subsection (s) or (t) of section 922--

**(1)** due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or
**(2)** who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

27. Pursuant to 18 U.S.C. § 922(s) and (t), Mr. Burtner was denied the purchase of a firearm, when he attempted to purchase a firearm through an FFL.

28. The basis for the denial was 18 U.S.C. § 922(g)(4) and 18 PA.C.S. § 6105(c)(4). *See*, Exhibit A and B.

29. As Exhibit C reflects, the PSP knew or should have known that Mr. Burtner was not prohibited when the Butler Co. MH/MR Department responded to it, in relation to its May 24, 2012 letter, that no records existed.

30. Additionally, the PSP knew or should have known that Mr. Burtner was not prohibited when Attorney Prince provided it with copies of all the records and requested that PICS be updated to reflect the non-prohibited status of Mr. Burtner.

31. Furthermore, pursuant to PSP Attorney Smith's email of February 2, 2013, the PSP knew that no records existed prohibiting Mr. Burtner and should have corrected PICS to reflect Mr. Burtner's non-prohibited status.

32. The PSP refused to correct this erroneous denial, even after Attorney Prince attempted, in good faith, to have the situation resolved.

33. As a result, Mr. Burtner has incurred attorney fees and costs in litigating this matter, for which there is no dispute that Mr. Burtner is not prohibited.

**WHEREFORE**, Plaintiff, Jeffrey Burtner, requests judgment in his favor and against the Pennsylvania State Police and requests the following relief:

(a) A declaration that Mr. Jeffrey Burtner was not involuntarily committed and is not prohibited under federal or state law from purchasing, owning and

possessing firearms and ammunition;

(b) An injunction enjoining the PSP from prohibiting Mr. Burtner from purchasing, owning and possessing firearms and ammunition and directing that the PSP update PICS and expunge all records relating to Mr. Burtner being involuntarily committed; and

(c) An award of reasonable attorneys' fees pursuant to 18 U.S.C. § 925A.

Respectfully Submitted,

_____
Joshua Prince, Esq.
Attorney ID: 306521
Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)
Joshua@PrinceLaw.com