IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY L. BURTNER, | ) |
| Plaintiff, | ) Civil Action No. 13-891 |
| | ) |
| vs. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| PENNSYLVANIA STATE POLICE, | ) Re: ECF Nos. 5, 7 |
| Defendant. | ) |

## **MEMORANDUM ORDER**

**KELLY, Magistrate Judge**

On June 25, 2013, Plaintiff Jeffrey L. Burtner ("Plaintiff"), commenced this action bringing a claim against the Pennsylvania State Police ("PSP") pursuant to 18 U.S.C. § 925A, alleging that the PSP erroneously denied Plaintiff the purchase of a firearm. ECF No. 1. The parties apparently resolved their differences and entered into a settlement agreement ("the Settlement Agreement") on October 9, 2013. See ECF No. 10, ¶ 4.

On October 4, 2013, just prior to the Settlement Agreement being reached, Plaintiff and PSP filed a Joint Motion to Seal, ECF No. 5, in which they contend that the judicial record contains personal and confidential information which should not be subject to public scrutiny and seek to seal "all records pertaining to this matter." Id. at p. 2. On October 9, 2013, the same date that the Settlement Agreement was entered into, Trib Total Media, Inc. ("the Trib") filed a Motion to Intervene and Object to the Joint Motion to Seal, ECF No. 7, in which the Trib requests leave to intervene in the case in order to oppose the Joint Motion to Seal. On October 16, 2013, Plaintiff filed a Brief in Opposition of Intervenor's Objections to Sealing the Record, ECF No. 9, and on October 10, 2013, the PSP filed a Response to the Trib's Motion to Intervene and Object to the Motion to Seal. ECF No. 10. Accordingly, both the Joint Motion to Seal

submitted on behalf of Plaintiff and the PSP, and the Trib's Motion to Intervene and Object to the Joint Motion to Seal are ripe for review.

The Trib's Motion to Intervene need not detain the Court for long as, under circumstances substantially similar to those presently before the Court, the United States Court of Appeals for the Third Circuit has held that newspapers seeking to intervene in a case in order to challenge to a confidentiality order met the requirements of Federal Rule of Civil Procedure 24(b)(2), pertaining to permissive intervention and that the Motion to Intervene should have been granted by the district court. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994). Moreover, neither Plaintiff nor the PSP have objected to the Trib intervening in this matter. In fact, Plaintiff has seemingly conceded that the Motion to Intervene is properly granted having referred to the Trib as "intervenor" in his reply brief. See ECF No. 9 ("Plaintiff's Brief in Opposition to *Intervenor's* Objections to Sealing the Record") (emphasis added). Accordingly, the Trib's Motion to Intervene will be granted.

The question remains, however, whether the entire judicial record in this case should be sealed as requested in the Joint Motion to Seal. The Court notes at the outset that, although the parties purport to disagree on the issue, the specific information Plaintiff seeks to protect and the information the Trib seeks to obtain are clearly different. Notwithstanding the joint request of Plaintiff and the PSP that the entire record be sealed, it is evident from Plaintiff's reply brief filed in opposition to the Trib's objections to sealing the record that Plaintiff is concerned with the confidentiality of his medical and mental health records. See ECF No. 9. The Trib, however, has clearly stated that it is not requesting public access to any of Plaintiff's medical records but rather is only seeking public access to the terms of the Settlement Agreement entered into between the parties and information relative to misconduct by the PSP in denying Plaintiff's

application for a firearm.  ECF No. 7, p. 4.  Thus, to the extent that Plaintiff asks that information contained in his medical and mental health records be sealed, the Joint Motion to Seal is, in fact, unopposed.

Moreover, Plaintiff has represented, and the Trib does not dispute, that the privacy, security, and confidentiality of health information is protected under the Health Insurance Portability & Accountability Act of 1996 ("HIPAA"), Pub. L. 104–191, 110 Stat. 1936 (codified at 42 U.S.C. § 1320d notes).  See Cassidy v. Pocono Medical Center, 2013 WL 2403572, at *1 n.2 (M.D. Pa. May 31, 2013).  Nor is it disputed that confidentiality of mental health records is strictly protected under the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10806.  As such, the Joint Motion to Seal with respect to information contained in Plaintiff's medical and mental health records will be granted.

With respect to the Settlement Agreement, it is well established that a settlement agreement that has neither been filed with, nor interpreted or enforced by, the Court is not a "judicial record" accessible under the right to know doctrine.  Pansy v. Borough of Stroudsburg, 23 F.3d at 781-783.  The Trib, however, seeks to prevent the Settlement Agreement from being sealed so that it may access the Settlement Agreement pursuant to the Pennsylvania Right to Know Act, 65 Pa. Stat. Ann. §§ 66.1-4, which is "a matter independent of the right to access doctrine."  Pansy v. Stroudsburg, 23 F.3d at 783-84.  See ECF No. 7, ¶ 10.  Under such circumstances, "[a] party wishing to obtain an order of protection must demonstrate that "good cause" exists for the order of protection."  West Penn Allegheny Health System, Inc. v. UPMC, 2012 WL 512681, at *4 (W.D. Pa. Feb. 14, 2012), citing Pansy v. Borough of Stroudsburg, 23 F.3d at 786.

> "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be

> shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 ... (1987). The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order. *Id.* at 1122.

Pansy v. Borough of Stroudsburg, 23 F.3d at 786-87.[1]

Although the United States Court of Appeals for the Third Circuit has identified a number of factors relevant to a district court's inquiry into whether "good cause" exists, this Court finds that those factors need not be addressed here given the unique circumstances of this case.[2] First, as already discussed, the information that Plaintiff seeks to protect from public scrutiny is his medical and mental health records. To the extent that Plaintiff's medical and mental health records are referred to in the Settlement Agreement, the Court has already found that the information contained in those records is properly sealed. Thus, whether Plaintiff has otherwise shown good cause to keep those records private is of little import.

Second, because Plaintiff's arguments in support of sealing the record revolve around his medical and mental health records, he has not addressed nor shown good cause for why the remainder of the record or the remaining terms of the Settlement Agreement, should not be made public. Plaintiff, therefore, has failed to meet his burden.

---

[1] It should be noted here that although the Settlement Agreement has not been filed with the Court, "[c]ourts have inherent power to grant orders of confidentiality over materials not in the court file." Pansy v. Borough of Stroudsburg, 23 F.3d at 785, *citing* Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 n.19 (1984).

[2] Those factors are: 1) whether disclosure would violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information would cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants would promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public. Id. at *5, *citing* Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).

Third, it is not without significance that the PSP, which is the government agency whose alleged misconduct the Trib seeks to make public, is not the party seeking to seal the record.[3] In fact, the PSP has represented that it "does not have any independent desire to seal the record in this case," and that it is the PSP's position that "the Trib can request the settlement agreement following the proper procedure for a Right to Know request under Pennsylvania Law." ECF No. 10, ¶¶ 3, 7. See Pansy v. Borough of Stroudsburg, 23 F.3d at 788 ("[i]f a settlement agreement involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor weighing against entering or maintaining an order of confidentiality").[4]

This Court, therefore, concludes that the record in this matter, including the Settlement Agreement, will not be sealed except to the extent that it contains information relative to Plaintiff's medical or mental health records, treatment or procedures.[5]

Accordingly, the following Order is entered:

AND NOW this 5th day of November, 2013, upon consideration of Plaintiff's Motion to Seal and the Trib's Motion to Intervene and Object to Motion to Seal, and for the reasons set forth above, IT IS HEREBY ORDERED that the Motion to Intervene, ECF No. 7, is granted; and that the Motion to Seal, ECF No. 5, is granted in part and denied in part. The Motion to Seal is granted with respect to any information pertaining to Plaintiff's medical or mental health

---

[3] The Court notes that the PSP now contends that the caption of the Joint Motion to Seal is a misnomer because the PSP merely agreed that it would not oppose the Motion. ECF No. 10, ¶ 3.

[4] The Court also notes that to the extent Plaintiff argues that the public interest in encouraging settlement of private litigations would be furthered by protecting his private information and sealing the record in this case, the Court in Pansy has held that a generalized interest in encouraging settlements is insufficient and that courts should require "a particularized showing of the need for confidentiality in reaching a settlement." 23 F.3d at 788. Here, Plaintiff and the PSP have already settled the case and did so without a ruling from the Court on the Motion to Seal. As such, reaching the settlement could not have been contingent on maintaining confidentiality. See ECF No. 10, ¶ 4.

[5] Under the provisions of the Pennsylvania Right to Know Act, any request by the Trib to gain access to the Settlement Agreement pursuant to that statute would necessarily be restricted by this Order. 65 Pa. Stat. Ann. § 66.1(2). See Pansy v. Borough of Stroudsburg, 23 F.3d at 784, n.13.

records, treatment or procedures, including any such information that may be contained in the Settlement Agreement.  The Motion to Seal is denied in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record Via CM-ECF